UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA

    - v. -

CHARLES RILEY CONSTANT,
  a/k/a "Chuck Constant,"

          Defendant.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

CONSENT PRELIMINARY ORDER
OF FORFEITURE AS TO SPECIFIC
PROPERTY/
MONEY JUDGMENT

23 Cr. ___379___ (PKC)

        WHEREAS, on or about July 18, 2023, CHARLES RILEY CONSTANT, a/k/a "Chuck Constant" (the "Defendant"), was charged in a one-count Information, 23 Cr. _____ (PKC) (the "Information"), with transportation of stolen money, in violation of Title 18, United States Code, Sections 2314 and 2 (Count One);

        WHEREAS, the Information included a forfeiture allegation as to Count One of the Information, seeking forfeiture to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), of any and all property, real and personal, that constitutes or is derived from proceeds traceable to the commission of the offense charged in Count One of the Information, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of the offense charged in Count One of the Information, and the following specific property;

        a. The following items, seized pursuant to judicial seizure warrants dated March 20, 2023:

        (1) Cryptocurrency ATMs with the following serial numbers:

            BT105179
            BT105180
            BT104798
            BT105526
            BT105910
            BT105911
            BT105912

        BT108816
        BT108817
        BT108819
        BT111785
        BT111786
        BT111787
        BT111793
        BT111794
        BT111804
        BT111866
        BT111865
        BT111864

(collectively, the "ATMs");

(2) All monies, assets, and funds from a Brink's Inc. safe located at 1300 S. McDonald Street, McKinney, Texas including accrued interest (the "Safe");

(3) All monies and funds from Cadence Bank account number 78665403, in the name of Coindawg LLC, including accrued interest ("Cadence Account-1");

(4) All monies, assets, and funds from the Coinbase account associated with user identification number 60EF2710F03C3F0006050C66, in the name of Coindawg LLC, including accrued interest ("Coinbase Account");

(5) The domain name Coindawg.net (the "Domain");

b. All monies and funds seized pursuant to a judicial seizure warrant dated March 31, 2023, from the following Cadence Bank accounts, including accrued interest:

(1) Account number 79674362, in the name of Grafox LLC ("Cadence Account-2");

(2) Account number 79674289, in the name of Grafox LLC ("Cadence Account-3"); and

c. All monies and funds seized pursuant to a judicial seizure warrant dated May 9, 2023, from account number U5779545 at Interactive Brokers LLC, including accrued interest (the "Interactive Broker Account");

(a. through c., collectively, the "Information Property");

WHEREAS, pursuant to judicially authorized seizure warrants issued on or about March 20, 2023, the Government seized the following items:

    a. The ATM's, and all money, assets and funds therein (the "ATM Funds");

    b. $42,700 in United States currency from the Safe (the "Safe Funds");

    c. $14,507.23 in United States currency from Cadence Account-1 (the Cadence Account-1 Funds);

    d. $31,594.11 in United States currency and 0.0175 in Bitcoin from the Coinbase Account (the "Coinbase Funds"); and

    e. The Domain;

WHEREAS, pursuant to a judicially authorized seizure warrant issued on or about March 31, 2023, the Government seized the following:

    a. $4,657.22 in United States currency from the Cadence Account-2 (the "Cadence Account-2 Funds"); and

    b. $5,627.95 in United States currency from the Cadence Account-3 (the "Cadence Account-3 Funds");

WHEREAS, pursuant to a judicially authorized seizure warrant issued on or about May 9, 2023, the Government seized the following:

    a. $4,768.10 in United States currency from the Interactive Brokers Account (the "Interactive Brokers Account Funds");

(the Interactive Brokers Account Funds, the Cadence Account-1 Funds, Cadence Account-2 Funds, Cadence Account-3 Funds, the Safe Funds, the Coinbase Funds, the ATM Funds, and the Domain, collectively, the "Specific Property");

WHEREAS, on or about July 18, 2018, the Defendant pled guilty to Count One of the Information, pursuant to a plea agreement with the Government, wherein the Defendant admitted the forfeiture allegation with respect to Count One of the Information and agreed to forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28,

United States Code, Section 2461 (i) a sum of money equal to $339,644 in United States currency, representing the proceeds traceable to the commission of the offense charged in Count One of the Information, and (ii) all right, title and interest of the Defendant in the Information Property;

WHEREAS, the Defendant consents to the entry of a money judgment in the amount of $339,644 in United States currency, representing the proceeds traceable to the offense charged in Count One of the Information that the Defendant personally obtained;

WHEREAS, the Defendant further consents to the forfeiture of all his right, title and interest in the Specific Property, which constitute proceeds traceable to the offense charged in Count One of the Information that the Defendant personally obtained;

WHEREAS, the Defendant admits that, as a result of acts and/or omissions of the Defendant, the proceeds traceable to the offense charged in Count One of the Information that the Defendant personally obtained cannot be located upon the exercise of due diligence, with the exception of the Specific Property; and

WHEREAS, pursuant to Title 21, United States Code, Section 853(g), and Rules 32.2(b)(3), and 32.2(b)(6) of the Federal Rules of Criminal Procedure, the Government is now entitled, pending any assertion of third-party claims, to reduce the Specific Property to its possession and to notify any and all persons who reasonably appear to be a potential claimant of their interest herein;

IT IS HEREBY STIPULATED AND AGREED, by and between the United States of America, by its attorney Damian Williams, United States Attorney, Assistant United States Attorneys Sarah Lai, Olga I. Zverovich, and Andrew K. Chan, of counsel, and the Defendant and his counsel, Jennifer Falk, Esq. and Arnold A. Spencer, Esq., that:

1. As a result of the offense charged in Count One of the Information, to which the Defendant pled guilty, a money judgment in the amount of $339,644 in United States currency

(the "Money Judgment"), representing the amount of proceeds traceable to the offense charged in Count One of the Information that the Defendant personally obtained, shall be entered against the Defendant.

2. As a result of the offense charged in Count One of the Information, to which the Defendant pled guilty, all of the Defendant's right, title and interest in the Specific Property is hereby forfeited to the United States for disposition in accordance with the law, subject to the provisions of Title 21, United States Code, Section 853.

3. Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment is final as to the Defendant CHARLES RILEY CONSTANT, and shall be deemed part of the sentence of the Defendant, and shall be included in the judgment of conviction therewith.

4. All payments on the outstanding Money Judgment shall be made by postal money order, bank or certified check, made payable to United States Customs and Border Protection, and delivered by mail to the United States Attorney's Office, Southern District of New York, Attn: Money Laundering and Transnational Criminal Enterprises Unit, One St. Andrew's Plaza, New York, New York 10007 and shall indicate the Defendant's name and case number.

5. United States Customs and Border Protection shall be authorized to deposit the payment on the Money Judgment into the Treasury Assets Forfeiture Fund, and the United States shall have clear title to such forfeited property.

6. Upon entry of this Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment, the United States Customs and Border Protection, or its designee the Office of Fines, Penalties, and Forfeiture, is hereby authorized to take possession of the Specific Property and to hold such property in its secure custody and control.

7.      Pursuant to Title 21, United States Code, Section 853(n)(1), Rule 32.2(b)(6) of the Federal Rules of Criminal Procedure, and Rules G(4)(a)(iv)(C) and G(5)(a)(ii) of the Supplemental Rules for Certain Admiralty and Maritime Claims and Asset Forfeiture Actions, the United States is permitted to publish forfeiture notices on the government internet site, www.forfeiture.gov. This site incorporates the forfeiture notices that have been traditionally published in newspapers. The United States forthwith shall publish the internet ad for at least thirty (30) consecutive days. Any person, other than the Defendant, claiming interest in the Specific Property must file a Petition within sixty (60) days from the first day of publication of the Notice on this official government internet web site, or no later than thirty-five (35) days from the mailing of actual notice, whichever is earlier.

8.      The published notice of forfeiture shall state that the petition (i) shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the Specific Property, (ii) shall be signed by the petitioner under penalty of perjury, and (iii) shall set forth the nature and extent of the petitioner's right, title or interest in the Specific Property, the time and circumstances of the petitioner's acquisition of the right, title and interest in the Specific Property, any additional facts supporting the petitioner's claim, and the relief sought, pursuant to Title 21, United States Code, Section 853(n).

9.      Pursuant to 32.2 (b)(6)(A) of the Federal Rules of Criminal Procedure, the Government shall send notice to any person who reasonably appears to be a potential claimant with standing to contest the forfeiture in the ancillary proceeding.

10.     Upon adjudication of all third-party interests, this Court will enter a Final Order of Forfeiture with respect to the Specific Property pursuant to Title 21, United States Code, Section 853(n), in which all interests will be addressed. All Specific Property forfeited to the

United States under a Final Order of Forfeiture shall be applied towards the satisfaction of the Money Judgment.

11. Pursuant to 21 U.S.C. § 853(p), the United States is authorized to seek forfeiture of substitute assets of the Defendant up to the uncollected amount of the Money Judgment.

12. Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate or dispose of forfeitable property, including depositions, interrogatories, requests for production of documents and the issuance of subpoenas.

13. The Court shall retain jurisdiction to enforce this Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment, and to amend it as necessary, pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure.

*[REMAINDER OF THIS PAGE INTENTIONALLY LEFT BLANK.]*

14. The signature page of this Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment may be executed in one or more counterparts, each of which will be deemed an original but all of which together will constitute one and the same instrument.

AGREED AND CONSENTED TO:

DAMIAN WILLIAMS
United States Attorney for the
Southern District of New York

By: _____              7/18/2023
SARAH LAI / OLGA I. ZVEROVICH / ANDREW K. CHAN     DATE
Assistant United States Attorneys
One St. Andrew's Plaza
New York, NY 10007
(212) 637-1944 / 2514 / 1072


CHARLES RILEY CONSTANT

By: _____              7/14/23
    CHARLES RILEY CONSTANT                 DATE

By: _____              7\14\23
    JENNIFER L. FALK, ESQ.                 DATE
    McCathern Law Firm
    3710 Rawlins Street, Suite 1600
    Dallas, TX 75219

    ARNOLD A. SPENCER, ESQ.
    Spencer & Associates
    Sterling Plaza
    5956 Sherry Lane, Suite 2000
    Dallas, TX 75225
    Attorneys for the Defendant


SO ORDERED:

_____                  7-27-23
HONORABLE P. KEVIN CASTEL                  DATE
UNITED STATES DISTRICT JUDGE